IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THO NGUYEN,<br><br>    Petitioner,<br><br>  v.<br><br>NANCY ALCANTAR, et al.,<br><br>    Respondents | No. C-08-1952 MMC<br><br>**ORDER DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENTS TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED BASED ON REMAINING CLAIM; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DIRECTIONS TO CLERK** |

     Before the Court is petitioner's Petition for Writ of Habeas Corpus, filed April 14, 2008.[1] In connection therewith, petitioner has filed an application to proceed in forma pauperis ("IFP").

     Petitioner, a citizen of Vietnam who states he entered the United States prior to July 12, 1995, (see Petition ¶ 7, 18, Ex. D), alleges that on August 29, 2003, an immigration judge ordered that petitioner be removed, (see Petition ¶ 14), and that he was thereafter released from custody pursuant to an Order of Supervision, (see Petition ¶¶ 1, 4). Petitioner further alleges that he has been instructed to appear before respondents on April 21, 2008 for the purpose of effectuating his removal to Vietnam, (see Petition ¶¶ 2, 3, Ex. A), but that such removal cannot occur because, pursuant to an agreement between the

---

[1]This Court did not receive a copy of the petition until today's date.

United States and Vietnam and dated January 22, 2008 ("Agreement"), "Vietnamese citizens are not subject to return to Vietnam . . . if they arrived in the United States before July 12, 1995," (see Petition ¶ 17, Ex. C).

In his petition, petitioner raises three claims: (1) because petitioner cannot be removed to Vietnam under the terms of the Agreement, if he were confined, such confinement would be unlawful because it would be indefinite; (2) petitioner received ineffective assistance of counsel at his removal hearing; and (3) the immigration judge conducting the removal hearing committed error by not advising petitioner of certain of his rights and by not providing a Vietnamese-speaking interpreter.

A district court may entertain a petition for a writ of habeas corpus where the petitioner alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243.

Petitioner's first claim is based on the theory that because, in light of the Agreement, respondents will not be able to effectuate petitioner's removal, petitioner would, if returned to custody, be subject to indefinite confinement. At the time the instant petition was filed, however, petitioner was not in actual custody; indeed, he challenges herein any "intended detention," (see Petition ¶ 26), i.e., action that may or may not be taken in the future. Accordingly, petitioner's first claim is premature, and will be dismissed without prejudice to petitioner's refiling his first claim in a new petition in the event petitioner, at a later date, becomes subject to indefinite confinement.

Petitioner's second claim, ineffective assistance of counsel, is based on the allegation that petitioner's counsel was not licensed to practice law and, in any event, failed to file an application for suspension of deportation, which application, petitioner argues, would likely have been granted if made. As relief, petitioner seeks an order directing that his application be considered by the immigration judge. (See Petition, prayer for relief,

1  ¶ 4.)  The Court, arguably, has jurisdiction over such claim.  Cf. Singh v. Gonzales, 499 F.
2  3d 969, 979 (9th Cir. 2007) (holding district court has jurisdiction to consider alien's claim
3  of ineffective assistance of counsel, where "successful habeas petition . . . will lead to
4  nothing more than 'a day in court' for [the alien]").[2]  Accordingly, the Court will direct
5  respondents to show cause why petitioner should not be entitled to relief based on such
6  claim.

7      Petitioner's third claim is, as noted, based on errors assertedly made by the
8  immigration judge during the removal hearing.  A district court lacks jurisdiction to consider
9  a petition for a writ of habeas corpus in which the petitioner challenges an order of removal.
10 See 8 U.S.C. § 1252(a)(5).  Accordingly, petitioner's third claim will be dismissed, without
11 prejudice to petitioner's realleging such claim in a petition for review before the Ninth
12 Circuit.  See 8 U.S.C. §§ 1252(a)(1), (b)(2).

13                              **CONCLUSION**

14      For the reasons stated above:

15      1. Petitioner's first and third claims are hereby DISMISSED, without prejudice.

16      2. Respondents are hereby ORDERED TO SHOW CAUSE, in writing and no later
17 than April 28, 2008, why, in light of the second claim, the instant petition should not be
18 granted.

19      3. Petitioner may, no later than May 7, 2008, file a traverse to respondents' answer.

20      4. As of May 7, 2008, or the date on which petitioner files a traverse to respondents'
21 answer, whichever is earlier, the Court will, unless the parties are advised that oral
22 argument is necessary, take the matter under submission.

23      5. Petitioner having shown good cause therefor, petitioner's application to proceed
24 IFP is hereby GRANTED.

25 //
26 //
27

28      [2]The petition is silent as to whether petitioner has exhausted this claim.

6. The Clerk of the Court shall serve by certified mail a copy of this order, the petition and its attachments upon respondents and respondents' attorney, the United States Attorney.

**IT IS SO ORDERED.**

Dated: April 21, 2008

_____
MAXINE M. CHESNEY
United States District Judge