United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THO NGUYEN,

    Petitioner,

  v.

NANCY ALCANTAR, et al.,

    Respondents
                                 /

No. C-08-1952 MMC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

       On April 14, 2008, petitioner Tho Nguyen, proceeding pro se, filed the instant petition for a writ of habeas corpus.  By order filed April 21, 2008, the Court dismissed two of the three claims set forth in the petition, and directed respondents to show cause why petitioner was not entitled to relief on the remaining claim, specifically, petitioner's claim that he received ineffective assistance of counsel at his removal hearing.  On April 28, 2008, respondents filed a response to the Court's order, and, on May 19, 2008, filed a supplement thereto.  Petitioner, although provided the opportunity to file a reply, did not do so.

       Having read and considered the parties' submissions with respect to the remaining claim, the Court rules as follows:

       1.  Contrary to respondents' argument, the Court has jurisdiction to consider the remaining claim.  By such claim, petitioner seeks an order directing the Bureau of Immigration Affairs to reopen petitioner's removal proceedings for the purpose of allowing

an immigration judge to consider an application for suspension of deportation, which petitioner seeks to file. Were this Court to grant the requested relief, the order of removal would remain in place, subject to any further decision by the immigration judge as to the merits of petitioner's application for suspension of deportation. In other words, if the petition were granted, such order would "lead to nothing more than 'a day in court'" for petitioner. See Singh v. Gonzales, 499 F. 3d 969, 979 (9th Cir. 2007) (holding district court has jurisdiction to consider alien's claim of ineffective assistance of counsel, where "successful habeas petition . . . will lead to nothing more than 'a day in court' for [the alien]").

    2. For the reasons stated by respondents, the Court finds petitioner has failed to show he is entitled to relief on his claim of ineffective assistance of counsel. Specifically, petitioner has failed to show he was prejudiced by his counsel's failure to file an application for suspension of deportation. Because petitioner was placed in removal proceedings on July 30, 1997, (see Olsen Decl., filed May 19, 2008, ¶ 3, Ex. A), any application for suspension of deportation would necessarily have been denied, see Jiminez-Angeles v. Ashcroft, 291 F. 3d 594, 597-98 (9th Cir. 2002) (holding alien placed in removal proceedings on or after April 1, 1997 is statutorily ineligible to apply for suspension of deportation). Consequently, petitioner could not have been prejudiced by any failure on the part of his counsel to file such an application. See Mohammed v. Gonzales, 400 F. 3d 785, 793-94 (9th Cir. 2005) (holding petitioner in removal proceedings fails to show prejudice predicated on counsel's failure to act, unless "performance of counsel was so inadequate that it may have affected the outcome of the proceedings").

## CONCLUSION

For the reasons stated above, the petition is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 1, 2008

MAXINE M. CHESNEY
United States District Judge

2